IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LATASHA STEVENS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-4853 |
| | : | |
| **CITY OF PHILADELPHIA d/b/a** | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, INSPECTOR** | : | |
| **ALTOVISE LOVE-CRAIGHEAD,** | : | |
| **LIEUTENANT KENORA SCOTT,** | : | |
| **CAPTAIN JARREAU THOMAS, AND** | : | |
| **JOHN DOES** | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2017, upon consideration of Defendants City of Philadelphia d/b/a Philadelphia Police Department, Inspector Altovise Love-Craighead, Lieutenant Kenora Scott, and Captain Jarreau Thomas's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

 

**BY THE COURT:**

_____
**JAN E. DUBOIS,** J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LATASHA STEVENS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-4853 |
| | : | |
| **CITY OF PHILADELPHIA d/b/a** | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, INSPECTOR** | : | |
| **ALTOVISE LOVE-CRAIGHEAD,** | : | |
| **LIEUTENANT KENORA SCOTT,** | : | |
| **CAPTAIN JARREAU THOMAS, AND** | : | |
| **JOHN DOES** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF PHILADELPHIA D/B/A PHILADELPHIA POLICE DEPARTMENT, INSPECTOR ALTOVISE LOVE-CRAIGHEAD, LIEUTENANT KENORA SCOTT, AND CAPTAIN JARREAU THOMAS'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia d/b/a Philadelphia Police Department, Inspector Altovise Love-Craighead, Lieutenant Kenora Scott, and Captain Jarreau Thomas file this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6), seeking that the claims against it be dismissed. Defendants respectfully request that this Court dismiss the claims brought against Defendants on the grounds more fully described in the supporting memorandum of law, attached hereto.

[signature page to follow]

1

Respectfully Submitted,

SOZI PEDRO TULANTE
City Solicitor

Date: December 29, 2017          BY:   /s/ *Joseph E. Randall*
                                       Joseph E. Randall
                                       Assistant City Solicitor
                                       Pa. Attorney ID No. 316070
                                       City of Philadelphia Law Dept.
                                       1515 Arch St., 16th Fl.
                                       Philadelphia, PA 19102
                                       (215) 683-5080
                                       joseph.randall@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LATASHA STEVENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-4853 |
| | : | |
| CITY OF PHILADELPHIA d/b/a | : | |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT, INSPECTOR | : | |
| ALTOVISE LOVE-CRAIGHEAD, | : | |
| LIEUTENANT KENORA SCOTT, | : | |
| CAPTAIN JARREAU THOMAS, AND | : | |
| JOHN DOES | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF PHILADELPHIA D/B/A PHILADELPHIA POLICE DEPARTMENT, INSPECTOR ALTOVISE LOVE-CRAIGHEAD, LIEUTENANT KENORA SCOTT, AND CAPTAIN JARREAU THOMAS'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia d/b/a Philadelphia Police Department, Inspector Altovise Love-Craighead, Lieutenant Kenora Scott, and Captain Jarreau Thomas submit this Memorandum of Law in Support of its Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint alleges retaliation under Title VII, 42 U.S.C. §§ 2000e-1 *et seq.*, of the Civil Rights Act of 1964 ("Title VII"); 42 U.S.C. § 1983 ("Section 1983"); the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"[1]), and the Philadelphia Fair

---

[1] The analysis of Plaintiff's PHRA claim is "identical to a Title VII inquiry." Dolan v. Penn Millers Ins. Co., --- Fed.Appx. ----, 2015 WL 4940356 (3d Cir. August 20, 2015); Scheidemantle v. Slippery Rock Univ., 470 F .3d 535, 539 n. 5 (3d Cir.2006). Accordingly, Defendants will discuss Plaintiff's Title VII claims, but moves on the analogous PHRA claim as well.

3

Practices Ordinance, Phila. Code § 9–1103 ("PFPO"[2]).  Plaintiff's claims fail because (1) regarding Plaintiff's Title VII, PHRA, and PFPO claims, Plaintiff fails to establish an adverse employment action and fails to establish a causal connection between the protected activity and an adverse employment action; and (2) regarding Plaintiff's Section 1983 claim, Plaintiff cannot identify similarly-situated comparators.

I. **FACTUAL SUMMARY**[3]

Plaintiff LaTasha Stevens ("Plaintiff") is a Police Sergeant in the 16th District at the City of Philadelphia Police Department ("Department"). First Compl. ¶ 14. Plaintiff avers that, on January 27, 2016, Police Officer Jessica Roseberry ("Roseberry"), of the 16th District, informed Plaintiff that she was being sexually harassed by a police sergeant in the same district. Id. ¶ 16. On the same date, Plaintiff notified the Office of Professional Responsibility ("OPR") of Officer Roseberry's allegations. Id. ¶ 23. Plaintiff alleges that she informed Defendants Inspector Altovise Love-Craighead ("Love-Craighead") and Lieutenant Kenora Scott ("Scott") of Officer Roseberry's allegations, but neither Inspector Love-Craighead nor Lieutenant Scott completed an EEO complaint. Id. ¶ 27.

Plaintiff alleges that after making the report to OPR, Defendants retaliated against her by performing sick checks on Plaintiff while she was out of work, denying Plaintiff's requests for lateral transfers, and for denying Plaintiff's vacation request. Id. ¶¶ 42, 53-54. Plaintiff later filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"),

---

[2] Plaintiff's PFPO claim shall be analyzed in the same manner as Plaintiff's Title VII claim. Joseph v. Cont'l Airlines, Inc., 126 F.Supp.2d 373, 376 n. 3 (E.D.Pa.2000). Accordingly, Defendants will discuss Plaintiff's Title VII claims, but moves on the analogous PFPO claim as well.
[3] For the purposes of this Motion to Dismiss, Defendants accept the facts as pled by Plaintiff as true.

which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC")[4]. The EEOC issued a Right to Sue Letter dated August 1, 2017[5].

II. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering such a motion, the court "accept[s] as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

This liberal pleading standard, however, does not excuse a plaintiff from adequately stating claims and supporting those claims with facts consistent with those allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Nor must a court credit "a complaint's 'bald assertions.'" Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Although a court must consider the pleadings as true when evaluating a motion to dismiss, a court need not consider a plaintiff's bare legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

As the U.S. Court of Appeals for the Third Circuit has recognized, this plausibility standard requires the district court to conduct a two-part analysis of complaints. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). First, courts should separate "the factual

---

[4] Plaintiff failed to attach the EEOC Charge to her Complaint.
[5] Plaintiff failed to attach the EEOC Right to Sue Letter to her Complaint. Upon request, Plaintiff's counsel provided a copy of the EEOC Right to Sue Letter to Defendants' counsel.

and legal elements of a claim, so that while the district court must 'accept all of the complaint's well-pleaded facts as true,' it may "disregard any legal conclusions.'" Id. Second, courts must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (citing Iqbal, 129 S. Ct. at 1950).

### III.  ARGUMENT

#### A. PLAINTIFF'S TITLE VII, PHRA, AND PFPO RETALIATION CLAIMS FAIL BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH AN ADVERSE EMPLOYMENT ACTION

Plaintiff's Title VII, PHRA, and PFPO claims alleging retaliation must be dismissed, with prejudice, because she fails to establish a prima facie case of retaliation. In order to prove such a claim, "[P]laintiff must show (1) [s]he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against [her]; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action." Blakney v. City of Philadelphia, 559 F. App'x 183, 185 (3d Cir. 2014) (citing Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir.2006)). Plaintiff claims that Defendants retaliated against her by performing sick checks on Plaintiff while she was out of work, denying Plaintiff's requests for lateral transfers, and for denying Plaintiff a vacation request. First Compl. ¶¶ 42, 53-54. None of the incidents Plaintiff claims to have been subjected to constitute retaliation. In fact, Plaintiff has not suffered any adverse employment actions.

##### i. Sick Checks and the Denial of Vacation Leave Do Not Constitute An Adverse Employment Action

The imposition of sick checks, and the denial of vacation leave, do not rise to the level of a materially adverse action. Spangler v. City of Philadelphia, No. CIV.A. 10-3434, 2012 WL 1835599, at *9 (E.D. Pa. May 21, 2012), aff'd, 523 F. App'x 142 (3d Cir. 2013) ("temporary 'loss' of…four hours of vacation time may have created a minor annoyance but does not rise to

the level of a materially adverse action"); Cabral v. Philadelphia Coca Cola Bottling Co., No. CIV.A. 02-2806, 2003 WL 1421297, at *7 (E.D. Pa. Mar. 18, 2003) (there was no adverse employment action where Plaintiff was denied vacation leave, pursuant to Defendant's leave policy, as it was not a significant change in employee status and benefits); King v. City of Philadelphia, No. Civ. A. 99–6303, 2002 WL 1277329, at *15 (E.D. Pa. June 4, 2002), aff'd, 66 F. App'x 300 (3d Cir. 2003) ("Plaintiff's claim that defendant more diligently imposed its rules and regulations [regarding sick leave and vacation time] against him in retaliation for plaintiff's discrimination complaints does not constitute adverse employment action"); Russell v. City of Philadelphia, No. CV 13-3151, 2016 WL 4478764, at *10 (E.D. Pa. Aug. 25, 2016) (Plaintiff failed to meet his burden, and his claim that Defendant retaliated against him by singling him out for sick checks was dismissed).

      Plaintiff alleges that, on or about October 2016[6], she injured her thumb and was forced to be out of work for several months. Id. ¶¶ 35-36. Plaintiff claims that it was retaliatory when Defendants conducted sick checks on Plaintiff and delivered messages to her. Id. ¶ 42. However, Plaintiff fails to plead any facts to show that performing sick checks, which are permitted pursuant to existing Departmental policy, constituted an adverse employment action or that Plaintiff was specifically targeted for sick checks due to her report to OPR. Further, Plaintiff's denial of vacation does not meet the definition of an "adverse employment action." Being denied vacation leave is more of a "minor annoyance but does not rise to the level of a materially adverse action" and does not result in a significant change in Plaintiff's status and benefits. Cabral, No. CIV.A. 02-2806, 2003 WL 142129; King, No. Civ. A. 99–6303, 2002 WL 1277329.

---

[6] According to Exhibit D of Plaintiff's Complaint, Plaintiff injured her thumb in October 2016. However, in her Complaint, Plaintiff states in error that she was injured in October 2015. For the purposes of this motion, Defendants will assume that Plaintiff's injury occurred in October 2016, not October 2015.

Thus, Counts I, III, and IV of Plaintiff's complaint alleging retaliation should be dismissed with prejudice as she fails to establish an adverse employment action.

### ii. Denial of a Lateral Transfer Does Not Constitute An Adverse Employment Action

A "purely lateral transfer," or denial thereof, does not, by itself, constitute an adverse employment action. Fallon v. Meissner, 66 F. App'x 348, 351 (3d Cir. 2003) (not reported) (citing, Brown v. Brody, 199 F.3d 446, 455-57 (D.C.Cir.1999) ("The clear trend of authority ... is to hold that a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action.") (internal quotations omitted). See also Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997); Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996).

Plaintiff requested lateral transfers out of the 16th District. First Compl. ¶ 52. Plaintiff fails to plead any facts to show that Defendants denied any of her transfer requests. In fact, Plaintiff has shown the opposite. She acknowledges that Inspector "Love-Craighead approved the requests allowing the request to move onto the next stage." Id. ¶ 46; see also Exhibit G to First Compl. Plaintiff fails to provide any factual basis to her unsupported speculation that Inspector Love-Craighead "would approve the transfers on papers [and] would advise the interviewing Captains to deny the transfers." Id. ¶ 53. Ultimately, it was Plaintiff herself who withdrew her own request to transfer to the 17th District, not Defendants. Id. ¶ 52. Any transfers Plaintiff was denied were lateral in nature and therefore do not constitute an adverse employment action. Therefore, Counts I, III, and IV of Plaintiff's Complaint alleging retaliation should be dismissed with prejudice as she fails to establish an adverse employment action.

### B. PLAINTIFF FAILS TO ESTABLISH A CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND AN ADVERSE EMPLOYMENT ACTION

Plaintiff's retaliation claim fails because she did not plead any facts to establish a causal connection between her report to OPR and any alleged retaliation. The third element of a prima facie case of retaliation requires Plaintiff to show "a causal connection between the participation in the protected activity and the adverse employment action." Blakney, 559 F. App'x at 185 (citing Moore, 461 F.3d at 340–41). To establish a causal connection, Plaintiff "must show a causal connection between the plaintiff's opposition to, or participation in proceedings against, unlawful discrimination and an action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination…'The ultimate question in any retaliation case is an intent to retaliate *vel non.*'" Moore v. City of Philadelphia, 461 F.3d 331, 341–42 (3d Cir. 2006), as amended (Sept. 13, 2006) (citing Jensen v. Potter, 435 F.3d 444, 449 n. 2 (3d Cir.2006).

Here, Plaintiff fails to show a causal connection between her report to OPR and any retaliation by Defendants, or any intent to retaliate against Plaintiff. She alleges that Defendants' conducting sick checks and delivering messages to Plaintiff was retaliatory. First Compl. ¶ 42. However, Plaintiff fails to plead any specific dates on when the sick checks occurred or when Defendants allegedly delivered messages to Plaintiff. Further, Plaintiff's report to OPR was on January 26, 2016, but the injury that led to her being out of work occurred ten months later in October 2016. Id. ¶¶ 23, 35. Because Plaintiff's injury occurred after she made the report to OPR, any sick checks would have taken place after her report to OPR. Plaintiff fails to plead any facts to show that the sick checks were not related to her injury. Further, Plaintiff fails to plead

9

facts to demonstrate that Defendants did not conduct similar sick checks on Plaintiff prior to her report to OPR.

Plaintiff alleges that her denial of transfers was retaliatory. Id. ¶ 53. However, she was responsible for not being transferred to the 17th District as she withdrew her own transfer request. Id. ¶ 52. Plaintiff fails to plead any facts that any of the individual Defendants interfered with or prohibited Plaintiff from transferring to a different police district. In fact, Plaintiff acknowledges that Inspector "Love-Craighead approved the requests allowing the request to move onto the next stage." Id. ¶ 46; see also Exhibit G to First Complaint. Similarly, Plaintiff fails to provide any factual basis to her unsupported speculation that Inspector Love-Craighead "would approve the transfers on papers [and] would advise the interviewing Captains to deny the transfers." Id. ¶ 53.

Finally, Plaintiff avers that Defendants denied her vacation request. Id. ¶ 54. However, Plaintiff fails to plead any facts to support a causal connection between Plaintiff's report to OPR and her denial of vacation time. In fact, Plaintiff fails to provide any specific dates of when she requested vacation time and when her request was allegedly denied by Defendants. Plaintiff fails to plead facts to show that any denial of vacation occurred after Plaintiff made the report to OPR. Thus, Counts I, III, and IV of Plaintiff's Complaint alleging retaliation should be dismissed with prejudice as she fails to establish a causal connection between any protected activity and an adverse employment action

### C. PLAINTIFF'S 1983 CLAIM FOR DEPRIVING PLAINTIFF OF EQUAL PROTECTION UNDER THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT FAILS BECAUSE SHE CANNOT IDENTIFY SIMILARLY-SITUATED COMPARATORS

Plaintiff claims that she was treated differently than others. To prevail, Plaintiff must

show (1) she received different treatment from other individuals similarly situated, and (2) the different treatment was improperly motivated by discrimination. Zappan v. Pennsylvania Bd. of Prob. & Parole, 152 F. Appx 211, 219 (3d Cir. 2005). An essential element of a claim of selective treatment is that the comparable parties were "similarly situated." Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir.2005). Persons are similarly situated under the Equal Protection Clause when they are alike "in all relevant aspects." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). In a disciplinary case, those relevant aspects often include "showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Houston v. Easton Area School Dist., 355 Fed. Appx. 651, 654 (3d Cir. 2009).

Here, Plaintiff fails to identify any similarly-situated comparators. She fails to plead any facts or offer any evidence that she was treated less favorably than similarly-situated comparators. Plaintiff therefore cannot establish a violation of the Equal Protection Clause. Accordingly, Count II of Plaintiff's Complaint alleging discrimination under §1983 must be dismissed with prejudice.

## VI.     CONCLUSION

Defendants City of Philadelphia d/b/a Philadelphia Police Department, Inspector Altovise Love-Craighead, Lieutenant Kenora Scott, and Captain Jarreau Thomas respectfully request that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint with prejudice. Plaintiff's claims fail because (1) regarding Plaintiff's Title VII, PHRA, and PFPO claims, Plaintiff fails to establish an adverse employment action and fails to establish a causal connection

between the protected activity and an adverse employment action; and (2) regarding Plaintiff's Section 1983 claim, Plaintiff cannot identify similarly-situated comparators.

                                                Respectfully Submitted,

                                                SOZI PEDRO TULANTE
                                                City Solicitor

Date:  <u>December 29, 2017</u>          BY:    /s/ *Joseph E. Randall*
                                                            Joseph E. Randall
                                                             Assistant City Solicitor
                                                             Pa. Attorney ID No. 316070
                                                            City of Philadelphia Law Dept.
                                                            1515 Arch St., 16th Fl.
                                                            Philadelphia, PA 19102
                                                            (215) 683-5080
                                                            joseph.randall@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LATASHA STEVENS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-4853 |
| | : | |
| **CITY OF PHILADELPHIA d/b/a PHILADELPHIA POLICE DEPARTMENT, INSPECTOR ALTOVISE LOVE-CRAIGHEAD, LIEUTENANT KENORA SCOTT, CAPTAIN JARREAU THOMAS, AND JOHN DOES** | : : : : : : : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

                                                      Respectfully Submitted,

                                                      SOZI PEDRO TULANTE
                                                    City Solicitor

Date: December 29, 2017                BY:  /s/ *Joseph E. Randall*
                                                                Joseph E. Randall
                                                                Assistant City Solicitor