IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATASHA STEVENS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, doing business as "PHILADELPHIA POLICE DEPARTMENT,"<br>INSPECTOR ALTOVISE LOVE-CRAIGHEAD, in her Individual and Official Capacity as an officer for the Philadelphia Police Department,<br>LIEUTENANT KENORA SCOTT, in her Individual and Official Capacity as an Officer for the Philadelphia Police Department,<br>CAPTAIN JARREAU THOMAS, in his Individual and Official Capacity as an officer for the Philadelphia Police Department, and<br>JOHN DOES 1-10,<br>        Defendants. | CIVIL ACTION<br><br>NO. 17-4853 |

DuBois, J.                                                                                                       July 3, 2018

# MEMORANDUM

## I. INTRODUCTION

Plaintiff Latasha Stevens, a police sergeant in the Philadelphia Police Department, 16th District, alleges that she was retaliated against for reporting that a colleague was being sexually harassed by another colleague. Plaintiff asserts claims of retaliation under 42 U.S.C. §§ 2000(e), *et seq.* ("Title VII"), 42 U.S.C. § 1983, the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100, *et seq.* ("PFPO") against the City of Philadelphia, doing business as the Philadelphia Police Department, Inspector Altovise Love-Craighead, Lieutenant Kenora Scott, Captain Jarreau, and

John Does 1–10. Presently before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. For the reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND

The facts as alleged in the First Amended Civil Action Complaint are as follows. On January 27, 2016, Officer Jessica Roseberry, a police officer in the Philadelphia Police 16th District, informed plaintiff that she was being sexually harassed by Sergeant Yusef Cooper, also of the 16th District. Compl. ¶¶ 17–19. Plaintiff filed a notice of an Equal Employment Opportunity ("EEO") complaint with the Office of Professional Responsibility, reporting the sexual harassment. Compl. ¶ 25. Plaintiff alleges that defendants retaliated against her as a result of filing the notice of an EEO complaint, as follows:

- Plaintiff was "chastised" by Lieutenant Beverly Pembrook and "slandered" by defendants Inspector Love-Craighead and Lieutenant Scott. Compl. ¶¶ 32–37.

- On April 1, 2016, plaintiff applied for a lateral transfer to the 1st District. Compl. ¶ 40. Inspector Love-Craighead, at the time a captain in the 16th District, approved plaintiff for an interview with Captain Francis of the 1st District. Compl. ¶ 41. Plaintiff interviewed with Captain Francis, but she thereafter withdrew her transfer request because she believed she "would be transferring from one bad environment to another." Compl. ¶ 59.

- Inspector Love-Craighead ordered sick checks on plaintiff when plaintiff was out sick in February and April, 2016. Compl. ¶¶ 63, 65.

- Plaintiff was denied vacation time despite accruing sufficient vacation hours and there being adequate coverage on the requested vacation days. Compl. ¶¶ 70–73.

- Lieutenant Scott, in her annual performance review of plaintiff, wrote that that plaintiff "is not a team player and fosters an inauspicious work environment amongst her peers and subordinates." Compl. ¶ 75.

- Plaintiff was falsely accused of violating district policies concerning the supervision officers and taking personal breaks during the work-day. Compl. ¶¶ 77–80, 87–96.

- Plaintiff continues to experience retaliation for filing an EEO claim on behalf of Officer Roseberry. Compl. ¶ 101.

## III. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses the remaining "'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether the complaint states a plausible claim for relief. *Id.*

## IV. DISCUSISON

### A. Title VII, PHRA, and PFPO claims

Plaintiff alleges that defendants retaliated against her by, *inter alia*, performing sick checks when plaintiff called in sick from work, denying her requests for a lateral transfer, denying her vacation requests, and writing her a poor performance review. Defendants argue that plaintiff failed to plead an adverse employment action and that she failed to establish a causal connection between the protected activity and the alleged adverse employment actions.

#### 1. Adverse employment action

"To establish a prima facie case of retaliation, plaintiff must show (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action." *Blakney v.City of Philadelphia*, 559 Fed.Appx. 183, 185 (3d Cir. 2014) (citing *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006)). With respect to the second element of a prima facie retaliation claim, Title VII's anti-retaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). Rather, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation marks omitted).

##### a. Sick checks and denial of vacation

The Court agrees with other courts in this district which held that the imposition of sick checks and the denial of vacation leave do not constitute adverse employment actions. *See Spangler v. City of Phila.*, No. 10-cv-3434, 2012 WL 1835599, at *9 (E.D. Pa. May 21, 2012),

*aff'd*, 523 Fed.Appx. 142 (3d Cir. 2013) (loss of four hours vacation time was not materially adverse employment action); *Cabral v. Phila. Coca Cola Botting Co.*, No. 02-cv-2806, 2003 WL 1421297, at *7 (E.D.Pa. Mar. 18, 2003) (denial of vacation leave was not adverse employment action); *King v. City of Phila.*, No. 99-cv-6303, 2002 WL 1277329, at *15 (E.D. Pa. June 4, 2002), *aff'd*, 66 Fed.Appx. 300 (3d Cir. 2003) (denial of sick leave and vacation time not adverse employment action); *Russell v. City of Phila.*, No. 13-cv-3151, 2016 WL 4478764, at *10 (E.D. Pa. Aug. 25, 2016) (being singled out for sick checks does not constitute adverse employment action).

### b. Denial of lateral transfer

The Court also agrees with defendants that plaintiff was not denied a lateral transfer because she withdrew her application for transfer to the Philadelphia Police 1st District. Accordingly, the Court grants that part of defendants' Motion which seeks dismissal of plaintiff's claim that defendants retaliated against her by denying her request for a transfer.

### c. Negative performance review, false accusations, and being chastised, slandered and treated with suspicion

Defendants fail to address the remainder of plaintiff's allegations—that she was chastised, slandered, treated with suspicion, received an unsatisfactory performance review, and was falsely accused of violating district policies in retaliation for filing a notice of an EEO complaint. A negative performance review could be an adverse employment action. *Rosati v. Colello*, 94 F.Supp.3d 704, 718 (E.D. Pa. 2015). However, "'criticism, false accusations, or verbal reprimands'" are not significant enough to qualify as retaliatory." *Fischer v. Transue*, No. 04-cv-2756, 2008 WL 3981521, *7 (M.D. Pa., Aug. 22, 2008) (quoting *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003)). Thus, the Court concludes that plaintiff only pleads an adverse employment action with regard to the negative performance review.

### 2. Causal connection

Defendants further argue that plaintiff failed to sufficiently plead a causal connection between the protected activity and an adverse employment action. The Court disagrees with defendants on this issue. The facts as alleged in plaintiff's First Amended Civil Action Complaint set forth a temporal proximity between the protected activity—filing a notice of an EEO complaint—and the alleged adverse employment action. *See Marra v. Phila. Housing Authority*, 497 F.3d 286, 302 (3d Cir. 2007) (holding that a close proximity in time between the protected activity and the adverse action may be sufficient to establish a causal connection). Plaintiff also alleges that she received excellent reviews from her supervisors before she filed the EEO complaint, but received an "unsatisfactory" review from Lieutenant Scott after filing the notice of an EEO complaint. Accordingly, the Court denies that part of defendants' Motion seeking dismissal of plaintiff's claims under Title VII, PHRA, and PFPO that she received a negative performance review in retaliation for filing a notice of an EEO complaint.

### B. Section 1983 claim

The Court dismisses plaintiffs' § 1983 claim on the ground that courts in this circuit have not recognized retaliation claims under § 1983. "Employment discrimination claims that are based solely on theories of unlawful retaliation—which exist under Title VII and are not recognized under constitutional principles—may not be pursued via § 1983." *Blakney v. City of Phila.*, Case No. 12-cv-6300, 2013 WL 2411409, at *12 (citing *Hargrave v. Cnty. of Atl.*, 262 F.Supp.2d 393, 440 (D.N.J. 2003)), *aff'd by Blakney*, 559 Fed.Appx. 183. "A claim of retaliation cannot be the sole basis for a § 1983 claim where there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII." *Price v. Del. Dept. of Corr.*, 40 F.Supp.2d 544, 558 (D. Del. 1999).

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. The Court denies that part of Defendants' Motion seeking dismissal of plaintiff's retaliation claim under Title VII, PHRA, and PFPO based on receipt of a negative performance review without prejudice to defendants' right to raise that issue after the completion of discovery by motion for summary judgment and/or at trial. The Court grants that part of Defendants' Motion seeking dismissal of the remainder of plaintiff's retaliation claims under Title VII, PHRA, and PFPO. The Court grants that part of Defendants' Motion seeking dismissal of plaintiff's retaliation claim under § 1983 with prejudice on the ground that retaliation claims are not actionable under § 1983.